UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NGUYN NGODTU CHU,

    Petitioner,

v.

Case No. 1:06-cv-614
Hon. Gordon J. Quist

SHIRLEE HARRY,

    Respondent.
_____/

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is now before the court on petitioner's motions "to hold habeas petition in abeyance" (docket nos. 32 and 35). The two motions appear to be identical.

Petitioner filed his habeas corpus petition on August 25, 2006. On or about November 30, 2006, petitioner filed a motion in the state court to request a hearing pursuant to *United States v. Tucker*, 404 U.S. 443 (1972), in which he disputed the validity of two Arizona felony convictions (i.e., forgery and burglary), which the trial court relied on to classify petitioner as a third felony offender. *See* Sent. Trans. at 5-7. *See, e.g., Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005) (explaining that "the Court in *Tucker* granted the petitioner's writ of habeas corpus on finding that the sentencing court erroneously relied upon defendant's three prior felony convictions, two of which were constitutionally invalid, having been obtained in violation of right to counsel").

The trial court denied petitioner's motion for a *Tucker* hearing on January 10, 2007, stating that petitioner had failed to present *prima facie* evidence that the Arizona convictions were

constitutionally infirm.  *See People v. Chu*, Kent County Circuit Court  No. 00-11090-FC (Order, Jan. 10, 2007), attached to Brief.  Petitioner sought leave to appeal this order to the Michigan Court of Appeals, which dismissed the motion as a successive motion for relief from judgment under MCR 6.501.  *People v. Chu*, No. 276491 (Mich. App. March 21, 2007).  Now, petitioner asks this court to stay his habeas petition "so that he may file an Application for Leave to Appeal to the Michigan Supreme Court so that he may have exhausted his state court remedies as it pertains to Issue 8 in the instant pending Federal Habeas Corpus [petition], and to satisfy the requirements of 28 USC § 2254(b)."  Motion at ¶ 6.

Petitioner's habeas "Issue 8" states as follows:

> Did the prosecutor error, by filing supplemental habitual 3rd [information] after the 21 days required by [statute]?  Which denied Chu of his 6th and 14th Constitutional rights of due process and was his trial counsel and appellate counsel ineffective for not objecting to the error?

Petition at 20-22; Exh. H attached to Petition.  Petitioner, however, has already raised Issue 8 in his first motion for relief from judgment, which became exhausted when the Michigan Supreme Court denied his application for leave to appeal on June 26, 2006.  *Id.*  It appears that petitioner is now attempting to graft, entirely unnecessarily it would seem, his new *Tucker* hearing claims onto Issue 8, rather than to add the *Tucker* hearing claims as a new habeas issue. While petitioner raised the issues of an untimely supplemental third habitual offender information and ineffective assistance of counsel in his first motion for relief from judgment, he never raised this new *Tucker* hearing issue challenging the constitutional validity of the Arizona convictions.  In short, it appears that petitioner is asking this court to stay the proceedings on his pending habeas petition, so that he can exhaust this new claim and add it to the petition.

A district court has the discretion to stay a habeas corpus proceeding "in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In *Rhines*, the Supreme Court indicated that the "stay and abeyance" procedure may be employed when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims. *Id. See Poindexter v. Mitchell*, 454 F.3d 564, 570 fn. 2 (6th Cir. 2006) ("courts now have discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state court, and then return to federal court"). However, the court should not utilize the "stay and abeyance" procedure too frequently, because this procedure undermines the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), i.e., to encourage finality and streamline the federal habeas proceedings. *See id.* "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Here, petitioner has not alleged, let alone demonstrated, good cause for failing to exhaust his claim regarding the alleged constitutional infirmity of his Arizona convictions. Petitioner had an opportunity to raise the *Tucker* claim in his first motion for relief from judgment, but chose not to assert that claim. Regardless of whether or not this issue is read into habeas issue 8, to allow petitioner to raise and exhaust this new issue after filing the habeas petition undermines the purposes of the AEDPA. The court finds no basis to stay this habeas proceeding.

Accordingly, petitioner's motions to hold the habeas petition in abeyance (docket nos. 32 and 35) are **DENIED**.

3

**IT IS SO ORDERED.**

Dated:  August 23, 2007                                         /s/ Hugh W. Brenneman, Jr.
                                                                                 HUGH W. BRENNEMAN, JR.
                                                                                 United States Magistrate Judge