UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NGUYN NGODTU CHU,

    Petitioner,

v().

               Case No. 1:06-cv-614
               Hon. Gordon J. Quist

SHIRLEE HARRY,

    Respondent.
_____/

**ORDER**

Mr. Chu filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on ugsut 25, 2006. Since that date, he has attempted to raise and exhaust new legal challenges to his conviction in the state court. This matter is now before the court on petitioner's "motion to amend/or to supplement the petition for writ of habeas corpus" (docket no. 49) and his "motion requesting order for compelling production of partial state court records" (docket no. 50).

**I.**     **Background**

The court addressed petitioner's earlier efforts in its August 23, 2007 order denying his request to hold the habeas petition in abeyance:

> Petitioner filed his habeas corpus petition on August 25, 2006. On or about November 30, 2006, petitioner filed a motion in the state court to request a hearing pursuant to *United States v. Tucker*, 404 U.S. 443 (1972), in which he disputes the validity of two Arizona felony convictions (i.e., forgery and burglary), which the trial court relied on to classify petitioner as a third felony offender. *See* Sent. Trans. at 5-7. *See, e.g., Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005) (explaining that "the Court in *Tucker* granted the petitioner's writ of habeas corpus on finding that the sentencing court erroneously relied upon defendant's three prior felony convictions, two of which were constitutionally invalid, having been obtained in violation of right to counsel").

The trial court denied petitioner's motion for a *Tucker* hearing on January 10, 2007. *See People v. Chu*, Kent County Circuit Court No. 00-11090-FC (Order, Jan. 10, 2007), attached to Brief. Petitioner sought leave to appeal this order to the Michigan Court of Appeals, which dismissed the motion as a successive motion for relief from judgment under MCR 6.501. *People v. Chu*, No. 276491 (Mich. App. March 21, 2007). Now, petitioner asks this court to stay his habeas petition "so that he may file an Application for Leave to Appeal to the Michigan Supreme Court so that he may have exhausted his state court remedies as it pertains to Issue 8 in the instant pending Federal Habeas Corpus [petition], and to satisfy the requirements of 28 USC § 2254(b)." Motion at ¶ 6.

Petitioner's "Issue 8" states as follows:

Did the prosecutor error, by filing supplemental habitual 3rd [information] after the 21 days required by [statute]? Which denied Chu of his 6th and 14th Constitutional rights of due process and was his trial counsel and appellate counsel ineffective for not objecting to the error?

Petition at 20-22; Exh. H attached to Petition. Petitioner raised Issue 8 in his first motion for relief from judgment, which became exhausted when the Michigan Supreme Court denied his application for leave to appeal on June 26, 2006. *Id.* While petitioner raised the issues of an untimely supplemental third habitual offender information and ineffective assistance of counsel in his first motion for relief from judgment, he never raised this new issue challenging the constitutional validity of the Arizona convictions. In short, petitioner is asking this court to stay the proceedings on his pending habeas petition, so that he can exhaust this new claim and add it to the petition.

\*     \*     \*

Here, petitioner has not alleged, let alone demonstrated, good cause for failing to exhaust his claim regarding the alleged constitutional infirmity of his Arizona convictions. Petitioner had an opportunity to raise the *Tucker* claim in his first motion for relief from judgment, but chose not to assert that claim. To allow petitioner to raise and exhaust this new issue after filing the habeas petition undermines the purposes of the AEDPA. The court finds no basis to stay this habeas proceeding.

Accordingly, petitioner's motions to hold the habeas petition in abeyance (docket nos. 32 and 35) are **DENIED**.

## II.     Motion to amend

Now, petitioner seeks to amend his petition to include this additional claim which he allegedly brought in the state court after filing his § 2254 petition in federal court. Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." Fed. R. Civ. P. 15(a)(2) allows a party to amend its original pleading on leave of court, which the court "should freely give . . . when justice so requires." An amendment relates back to the date of the original pleading when the "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). With respect to the amendment of a § 2254 habeas petition, the United States Supreme Court has rejected the argument that the "conduct, transaction, or occurrence" should be defined to include any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. *Mayle v. Felix*, 545 U.S. 644, 661 (2005). The Supreme Court provided the following explanation. Relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. After noting that the AEDPA provides a one-year statute of limitations for filing habeas petitions, 28 U.S.C. § 2244(d)(1)(A), the court observed that "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662. Thus, "[a]n amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

3

Here, petitioner's *Tucker* issue raises a new ground for relief that differs both in time and type from the issue raised in the original habeas petition. As previously discussed, in Issue 8 of the habeas petition, petitioner contends that the prosecutor's untimely filing of a supplemental habitual 3rd offender information violated his due process rights and that his counsel was constitutionally ineffective for failing to object to that filing. In contrast, the newly-asserted *Tucker* issue contests the constitutional validity of the two Arizona convictions used to support the habitual 3rd offender information. The *Tucker* issue is distinct and unrelated in time and type from petitioner's claims of due process and ineffective assistance of counsel set forth in Issue 8. Accordingly, the *Tucker* issue would not relate back under Fed. R. Civ. P. 15(c). *See Mayles*, 545 U.S. 644. Because the *Tucker* issue is barred by the AEDPA's one year state of limitations, petitioner's attempt to amend the petition to include this untimely claim would be futile. "A district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). Accordingly, petitioner's motion to amend (docket no. 49) is **DENIED**.

### III. Motion to compel

Finally, petitioner moves to compel respondent to produce the record of the state court proceedings with respect to the *Tucker* hearing claim as supplemental Rule 5 materials, including: a copy of his motion to conduct a *Tucker* hearing on November 24, 2006; the trial court's opinion and order dated January 10, 2007 denying the motion; the Michigan Court of Appeals Order dated March 21, 2007; and the Michigan Supreme Court order dated July 30, 2007. Petitioner also asks this court to "make an effort to correct, **sua sponte**, any such errors in his pleadings." Motion to compel at p. 2 (emphasis in original). Petitioner's motion to compel is without merit. The court

has denied his motion to amend the habeas petition to add the *Tucker* issue. There is no reason to supplement the record with a transcript of petitioner's state court challenge of this irrelevant legal issue. Accordingly, petitioner's motion to compel (docket no. 50) is **DENIED**.

    **IT IS SO ORDERED.**


Dated:  September 18, 2008                  /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge