UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NGUYEN NGODTU CHU,

        Petitioner,                                            Case No. 1:06-CV-614

v.                                                          HON. GORDON J. QUIST

SHIRLEE A. HARRY,

        Respondent.
                             /

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has before it Petitioner's Objections to the Report and Recommendation dated July 20, 2009, in which the Magistrate Judge recommended that Petitioner's habeas petition be denied. After conducting a *de novo* review, the Court concludes that the Report and Recommendation should be adopted and the petition dismissed.

In his first objection, Petitioner claims ineffective assistance of appellate counsel because appellate counsel did not raise some issues in Petitioner's M.C.R. 6.500 motion. Additionally, Petitioner claims that this ineffectiveness constitutes cause to excuse the failure to present the claims in state court. In *Strickland v. Washington*, 466 U.S. 668, 687 (1987), the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) defendant must show that counsel's performance was deficient and (2) defendant must show that counsel's deficient performance was "so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052, 2064. Counsel enjoys a "strong presumption" that his conduct falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S. Ct. at 2065. Here, Petitioner does not present any argument

demonstrating how his appellate counsel was ineffective. Furthermore, it is not necessary for appellate counsel to raise every non-frivolous claim on direct appeal. *Smith v. Murray*, 477 U.S. 527, 535-36, 106 S. Ct. 2661, 2667 (1986). Indeed, experienced advocates "have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S. Ct. 3308, 3313 (1983). Therefore, Petitioner's ineffective assistance of appellate counsel claim is denied because Petitioner has failed to rebut the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance.

In his second objection, Petitioner attempts to cast two substantive arguments as jurisdictional defects. Petitioner first argues that his waiver of the pre-transfer hearing under the Interstate Agreement on Detainers was not knowing and voluntary. Second, Petitioner claims that his sentencing as a habitual offender violated his constitutional rights where the prosecutor filed the supplemental information after the statutory 21 days expired. The Magistrate Judge found that these issues were procedurally defaulted and not subject to federal habeas review. In his objections, Petitioner failed to demonstrate cause or actual innocence, the threshold requirement for the fundamental miscarriage of justice exception. Therefore, the Court denies Petitioner any relief under these claims.

In his last objection, Petitioner states that he relies on his original petition to object to the Report and Recommendation regarding Issues I, II, and III of that Report. Objections to a magistrate judge's report and recommendation regarding prisoner petitions are governed by Fed. R. Civ. P. 72(b) and W.D. Mich. LCivR 72.3(b). In submitting objections, a "party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D.

Mich. LCivR 72.3(b). An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentious," is insufficient to permit review of the magistrate's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Thus, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Id.* Here, Petitioner merely states that he objects to the Magistrate Judge's Report and Recommendation on these issues. Therefore, Petitioner has failed to specify the issues of contention and his objection does not permit review of the Magistrate Judge's Report.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 20, 2009 (Docket #69) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (Docket #74) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated: September 29, 2009                      /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE